Mr. Patrick G. Gilligan Ocala City Attorney 7 East Silver Springs Boulevard Suite 500 Ocala, Florida 34470
Dear Mr. Gilligan:
You ask substantially the following question:
Is the Ocala City Council required to submit to referendum an amendment of certain language contained in a section of the city charter that was amended in 1974, and approved by referendum, but that did not change the specific language in question?
In sum:
The Ocala City Council is required to submit to referendum an amendment of certain language contained in a section of the city charter that was amended in 1974, and approved by referendum, even though the 1974 amendment did not change the specific language in question. Any amendment of the section would have to be conducted in accordance with the provisions of section 166.031, Florida Statutes.
The Florida Legislature, with the 1973 adoption of the Municipal Home Rule Powers Act, Chapter 166, Florida Statutes, granted municipalities broad home rule powers. In order to implement such a grant, section 166.021(4) and (5), Florida Statutes, modified and repealed or converted into ordinances many of the provisions of municipal charters in existence at that time. The Home Rule Powers Act constituted limitations on, or pertained exclusively to, the power or jurisdiction of municipalities. Section166.021(4), Florida Statutes, however, provides that nothing in Chapter 166, Florida Statutes, is to be construed as permitting any changes in a special law or municipal charter which affect:
"the exercise of extraterritorial powers or which affect an area which includes lands within and without a municipality or any changes in a special law or municipal charter which affect the creation or existence of a municipality, the terms of elected officers and the manner of their election except for the selection of election dates and qualifying periods for candidates and for changes in terms of office necessitated by such changes in election dates, the distribution of powers among elected officers, matters prescribed by the charter relating to appointive boards, any change in the form of government, or any rights of municipal employees, without approval by referendum of the electors as provided in s. 166.031."
Thus, municipal charter provisions adopted prior to 1973 which do not affect the above enumerated areas were either repealed or converted into ordinances and are subject to modification or repeal as are other ordinances.
Charters or charter provisions adopted or readopted subsequent to the adoption of the Municipal Home Rule Powers Act in 1973, however, may only be amended as provided in section 166.031, Florida Statutes.[1] That section provides in subsection (1):
"The governing body of a municipality may, by ordinance, or the electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality. The governing body of themunicipality shall place the proposed amendment contained in theordinance or petition to a vote of the electors at the nextgeneral election held within the municipality or at a specialelection called for such purpose." (e.s.)
Upon adoption of an amendment to the municipal charter by a majority of the electors voting in a referendum on the amendment, the governing body of the municipality "shall have the amendment incorporated into the charter and shall file the revised charter with the Department of State."[2] Such amendments are effective on the date specified therein or as otherwise provided in the charter.[3] Subsection (5) of section 166.031, however, permits a municipality, by unanimous vote of the governing body, to abolish municipal departments provided for in the municipal charter and amend provisions or language out of the charter which have been judicially construed, either by judgment or by binding legal precedent from a decision of a court of last resort, to be contrary to either the Florida Constitution or Federal Constitution.
You state that the Ocala City Charter was adopted prior to 1973.[4] Section 2.01(d) of that charter provided when the council president and council president pro tem were to be elected to office and specified the powers and duties of the president. Section 2.01(d) further provided that the president of the city council "shall sign all ordinances, resolutions, contracts, agreements and evidences of indebtedness as the act and deed of the city, subject to the authorization and approval of the city council[.]"[5]
In 1974, section 1 of Chapter 74-541, Laws of Florida, was enacted amending subsections (c) and (d) of the Ocala City Charter. According to your letter, an approving referendum was held in 1974.
While you state that the amendment to subsection (d) changed only the date when the council president and council president pro tem were elected to office, section 1 of Chapter 74-541 set forth the entire subsection, including the provision that the council president sign all ordinances, resolutions, contracts, agreements and evidences of indebtedness.[6] This language, contained in the amended subsection (d) of section 2.01, was approved by the electorate.[7] Accordingly, it appears that the entire section2.01(d) was readopted as a valid charter provision. Since such readoption of the subsection occurred after 1973, it may only be amended in accordance with the provisions of section 166.031, Florida Statutes.[8]
I am therefore of the opinion that the City of Ocala may not amend a section of its charter without a referendum when that section of the charter was amended in 1974, and approved by referendum, even though that part of the amended section was not substantially amended by the previous referendum. Any amendment of the section would have to be conducted in accordance with the provisions of section 166.031, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., Ops. Att'y Gen. Fla. 75-223 (1975) (Tamarac city charter readopted after 1973 must be amended in accordance with s.166.031, Fla. Stat); 79-80 (1979) (Lake Wales city commission may not unilaterally amend its charter as it is bound by the provisions in s. 166.031, Fla. Stat.).
[2] Section 166.031(2), Fla. Stat.
[3] Id.
[4] See, Ch. 67-1782, Laws of Fla. You state that the charter was approved by referendum on September 19, 1967.
[5] Section 2.01(d) of the charter as adopted in 1967 provided:
"President of council; acting mayor; president pro tem. The members of the city council at the first meeting in January of each year, provided the office shall be vacant by the expiration of its term, shall elect one of its members as president of the city council who shall hold such office for a term of not less than one (1) year nor more than two (2) consecutive years. The president of the city council shall preside at all meetings of the council and in the absence, disqualification or disability of the mayor assume all the powers and duties of said office, but this shall in no way disqualify him from acting as president of such council during such time. The president of the city council shall sign all ordinances, resolutions, contracts, agreements, and evidences of indebtedness as the act and deed of the city, subject to the authorization and approval of the city council, and it shall not be required that the mayor's signature appear thereon or the mayor's approval be given therefor, except where resolutions or proclamations are required to be made by the mayor by the terms of this act or any ordinance of said city, or except in the approval or veto of ordinances as provided in Section 2.13(b) of this act.
The city council of said city shall also elect from among its members, at the time of the election to the office of the president of the city council and for the same term of office, the president pro tem, who shall in the absence, disqualification or disability of the president assume all the duties and powers of such office. No person shall serve as president of the city council or as president pro tem who is not a qualified elected councilman, nor may such office extend beyond the elected term of such councilman."
[6] Section 1, Ch. 74-541, Laws of Fla., provides:
"Subsections (c) and (d) of Section 2.01, Article II, Chapter 67-1782, Laws of Florida, Acts of 1967, are amended to read:
* * *
(d) President of council; acting mayor; president pro tem.
The members of the city council at the first meeting in December of each year, after the installation of newly elected council members, if any, shall elect one of its members as president of the city council who shall hold such office for a term of not less than one (1) year nor more that two (2) consecutive years. The president of the city council shall preside at all meetings of the council and in the absence, disqualification or disability of the mayor assume all the powers and duties of said office, but this shall in no way disqualify him from acting as president of such council during such time. The president of the city council shall sign all ordinances, resolutions, contracts, agreements, and evidences of indebtedness as the act and deed of the city, subject to the authorization and approval of the city council, and it shall not be required that the mayor's signature appear thereon or the mayor's approval be given therefor, except where resolutions or proclamations are required to be made by the mayor by the terms of this act or any ordinance of said city, or except in the approval or veto of ordinances as provided in Section 2.13(b) of this act.
The city council of said city shall also elect from among its members, at the time of the election to the office of the president of the city council and for the same term of office, the president pro tem, who shall in the absence, disqualification or disability of the president assume all the duties and powers of such office. No person shall serve as president of the city council or as president pro tem who is not a qualified elected councilman, nor may such office extend beyond the elected term of such councilman."
[7] You state that section 2.01(a), (b) and (c) have been subsequently amended by referendum in 1985; subsection (d), however, has not been subsequently amended.
[8] You note that the city's codifier, Municipal Code Service states:
"As the provisions of subsections (c) and (d) [of section 2.01] were amended by Laws of Fla., ch. 74-541, such provisions cannot be amended by the city without a referendum, subject, however, to the provisions of F.S. s. 166.031(5). The Municipal Home Rule Powers Act only affected limitations on power contained in those charters or charter amendments enacted prior to Oct. 1, 1973. See Op. Atty. Gen. 075-223."